01

02

03

04

05                          UNITED STATES DISTRICT COURT
                           WESTERN DISTRICT OF WASHINGTON
06                                    AT SEATTLE

07  DELIA ALANIZ,                        )    CASE NO. C06-0558-RSL
                                         )
08          Plaintiff,                   )
                                         )
09          v.                           )    REPORT AND RECOMMENDATION
                                         )    RE: SOCIAL SECURITY
10  JO ANNE B. BARNHART, Commissioner    )    DISABILITY APPEAL
    of Social Security,                  )
11                                       )
            Defendant.                   )
12  _____ )

13          Plaintiff Delia Alaniz proceeds through counsel in her appeal of a final decision of the

14  Commissioner of the Social Security Administration (Commissioner).  The Commissioner denied

15  plaintiff's applications for Supplemental Security Income (SSI), Disability Insurance (DI) benefits,

16  and Childhood Disability Benefits (CDB) after a hearing before an Administrative Law Judge

17  (ALJ).

18          Having considered the ALJ's decision, the administrative record (AR), and all memoranda

19  of record, it is recommended that this matter be REMANDED for further administrative

20  proceedings.

21  / / /

22  / / /

REPORT AND RECOMMENDATION
RE: SOCIAL SECURITY DISABILITY APPEAL
PAGE -1

01

## FACTS AND PROCEDURAL HISTORY

02    Plaintiff was born on XXXX, 1979.[1] She completed at least the tenth grade at an

03 alternative school, but did not graduate or obtain a GED.  Plaintiff previously worked as a server,

04 seasonal toy assembler, aide at a facility for disabled persons, attendant at homeless shelters, and

05 delivery driver.

06    With a filing month of March 2003, plaintiff filed applications for SSI, DI benefits, and

07 CDB.  (AR 61-63, 335-38, 349-50.)  She alleged disability since August 1, 2002 on her SSI and

08 DI applications and since November 1, 2001 on her CDB application. [2]  Her applications were

09 denied at the initial level and on reconsideration, and she timely requested a hearing.

10    On August 8, 2005, ALJ Edward P. Nichols held a hearing, taking testimony from plaintiff,

11 her mother Delia Piya, and vocational expert (VE) Lynn Dankel.  (AR 357-99.)  On October 14,

12 2005, ALJ Nichols issued a decision finding plaintiff not disabled.  (AR 16-26.)

13    Plaintiff timely appealed.  The Appeals Council denied plaintiff's request for review on

14 March 15, 2006, making the ALJ's decision the final decision of the Commissioner.  (AR 7-10.)

15 Plaintiff appealed this final decision of the Commissioner to this Court.

16

## JURISDICTION

17    The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

18 _____

19    [1] Plaintiff's date of birth is redacted back to the year of birth in accordance with the
General Order of the Court regarding Public Access to Electronic Case Files, pursuant to the

20 official policy on privacy adopted by the Judicial Conference of the United States.

21    [2] To receive CDB benefits, a claimant over the age of eighteen must establish disability
began prior to the age of twenty two.  20 C.F.R. § 404.350(a)(5).  Therefore, with respect to her

22 CDB application, plaintiff needed to establish disability beginning on or before her twenty second
birthday, in late 2001.

01

**DISCUSSION**

02      The Commissioner follows a five-step sequential evaluation process for determining

03 whether a claimant is disabled.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2000).  At step one, it must

04 be determined whether the claimant is gainfully employed.  The ALJ found plaintiff had not

05 engaged in substantial gainful activity since her alleged onset date of November 1, 2001.  At step

06 two, it must be determined whether a claimant suffers from a severe impairment.  The ALJ found

07 plaintiff's posttraumatic stress disorder (PTSD), depression, substance abuse, and anxiety disorder

08 severe.  Step three asks whether a claimant's impairments meet or equal a listed impairment.  The

09 ALJ found that plaintiff's impairments did not meet or equal the criteria for any listed impairment.

10 If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual

11 functional capacity (RFC) and determine at step four whether the claimant has demonstrated an

12 inability to perform past relevant work.  The ALJ assessed plaintiff's RFC and found her able to

13 perform her past relevant work as a delivery driver and assembler.  If a claimant demonstrates an

14 inability to perform past relevant work, the burden shifts to the Commissioner to demonstrate at

15 step five that the claimant retains the capacity to make an adjustment to work that exists in

16 significant levels in the national economy.  Finding plaintiff not disabled at step four, the ALJ did

17 not proceed to step five.

18      This Court's review of the ALJ's decision is limited to whether the decision is in

19 accordance with the law and the findings supported by substantial evidence in the record as a

20 whole.  *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993).  Substantial evidence means more

21 than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable

22 mind might accept as adequate to support a conclusion.  *Magallanes v. Bowen*, 881 F.2d 747, 750

REPORT AND RECOMMENDATION
RE: SOCIAL SECURITY DISABILITY APPEAL
PAGE -3

01  (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's

02  decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir.

03  2002).

04      Plaintiff argues generally that the vast weight of the evidence requires a finding of

05  disability. Specifically, she asserts that the ALJ erred in giving more weight to the opinions of

06  one-time consultative examiners than to her treating psychiatrist, in assessing her credibility, in

07  finding her capable of returning to her past relevant work, and in failing to fully develop the

08  record. Plaintiff also cursorily states in her conclusion that the ALJ failed to properly consider lay

09  witness testimony. She requests remand for an award of benefits or, alternatively, for further

10  administrative proceedings. The Commissioner argues that the ALJ's decision is supported by

11  substantial evidence and should be affirmed.

12      The Court has discretion to remand for further proceedings or to award benefits. *See*

13  *Marcia v. Sullivan*, 900 F.2d 172, 176 (9th Cir. 1990). The Court may direct an award of benefits

14  where "the record has been fully developed and further administrative proceedings would serve

15  no useful purpose." *McCartey v. Massanari* 298 F.3d 1072, 1076 (9th Cir. 2002).

16      Such a circumstance arises when: (1) the ALJ has failed to provide legally sufficient
        reasons for rejecting the claimant's evidence; (2) there are no outstanding issues that

17      must be resolved before a determination of disability can be made; and (3) it is clear
        from the record that the ALJ would be required to find the claimant disabled if he

18      considered the claimant's evidence.

19      *Id*. at 1076-77.

20                              Physicians' Opinions

21      In general, more weight should be given to the opinion of a treating physician than to a

22  non-treating physician, and more weight to the opinion of an examining physician than to a non-

REPORT AND RECOMMENDATION
RE: SOCIAL SECURITY DISABILITY APPEAL
PAGE -4

01 examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). Where not contradicted

02 by another physician, a treating or examining physician's opinion may be rejected only for "'clear

03 and convincing'" reasons. *Id.* (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991)).

04 Where contradicted, a treating or examining physician's opinion may not be rejected without

05 "'specific and legitimate reasons' supported by substantial evidence in the record for so doing."

06 *Id.* at 830-31 (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). Where the opinion

07 of the treating physician is contradicted, and the non-treating physician's opinion is based on

08 independent clinical findings that differ from those of the treating physician, the opinion of the

09 non-treating physician may itself constitute substantial evidence. *See Andrews v. Shalala*, 53 F.3d

10 1035, 1041 (9th Cir. 1995). It is the sole province of the ALJ to resolve this conflict. *Id.*

11        Plaintiff challenges the ALJ's decision to give "little weight" to the opinions of her treating

12 psychiatrist, Dr. Agnes Koesis. (AR 23-24 and 333.) Plaintiff states that Dr. Koesis had the

13 benefit of case notes and medical records covering a near eighteen-month period and clearly

14 opined that she is unable to work due to severe bipolar disorder and PTSD. Plaintiff notes that,

15 in contrast, the examining physicians upon whose opinions the ALJ relied, Drs. Mark Koenen and

16 Norman Gustavson, saw her only once each. (AR 228-33, 250-55.) She adds that Dr. Gustavson

17 assessed chronic and severe PTSD and a Global Assessment of Functioning (GAF) of 45-50,

18 indicating severe symptoms or serious impairment. (AR 250-55.) Plaintiff avers that the ALJ was

19 required to give more weight to the opinion of Dr. Koesis and that he failed to provide specific

20 and legitimate reasons for rejecting that physician's opinions, other than to question plaintiff's

21 veracity in reporting. (*See* AR 23-24.)

22        The Commissioner responds that even a treating source's opinions are not entitled to

REPORT AND RECOMMENDATION
RE: SOCIAL SECURITY DISABILITY APPEAL
PAGE -5

01 controlling weight where not "well-supported by medically acceptable clinical and laboratory

02 diagnostic techniques,"  Social Security Ruling (SSR) 96-2p, and that the determination of

03 whether someone is disabled is ultimately reserved to the Commissioner, SSR 96-5p.  The

04 Commissioner argues the sufficiency of the ALJ's reasoning, pointing to, among other things, the

05 ALJ's notation that the record did not include any treatment notes from Dr. Koesis, and that

06 evidence of plaintiff's activities suggested greater capability in social functioning than reflected in

07 Dr. Koesis's opinion regarding plaintiff's anxiety.

08      In reply, plaintiff reiterates that Dr. Koesis had access to her records from previous

09 treatment at the same facility.  (*See* AR 273-300.)  Those records include the notes of plaintiff's

10 previous treating physician, Dr. Elizabeth Noll.  (*See, e.g.,* AR 293-300.)  Plaintiff also points to

11 her testimony reflecting that her periodic attempts to socialize were for the most part unsuccessful.

12 (*See, e.g.,* AR 370-71, 374, 382-83.)

13      The record contains a letter from Dr. Koesis dated August 8, 2005, stating in relevant part:

14   Delia Alaniz is diagnosed with Severe Bipolar Disorder and [PTSD].  Patient, at this
     time, I feel, is unable to work.  She suffers from mood lability with minimal
15   improvement on medications.  In addition, patient experiences severe anxiety and
     paranoia in social situations which would most likely manifest in the workplace
16   setting.  Patient's post traumatic [stet] is usually triggered by loud noises, pressure of
     responsibility, pressure to perform the most simple tasks, and males who remind her
17   of her abuser.

18 (AR 333.)  The ALJ assessed the opinions of Dr. Koesis, as well as Drs. Koenen and Gustavson,

19 as follows:

20   Dr. Koesis has opined that the claimant is disabled.  She is apparently the claimant's
     current treating psychiatrist after Dr. Noll left, but there are no treatment notes from
21   her.  The claimant apparently told Dr. Koesis that her traumatic memories were
     triggered by males who reminded her of her abuser, but no records record this.  She
22   said that the claimant experienced severe anxiety in social situations, but the claimant

REPORT AND RECOMMENDATION
RE: SOCIAL SECURITY DISABILITY APPEAL
PAGE -6

01  attends barbecues[,] goes to the park with friends, goes shopping and visits her
02  mother and brothers regularly.  This suggests that she is more capable of functioning
    socially than she has reported to Dr. Koesis, and again it appears the Doctor is relying
03  on a source (the Claimant) of highly questionable veracity, hence her opinion is
    entitled to little weight as its foundation is flawed.

04  Dr. Gustavson and Dr. Koenen have opined that the claimant is able to function with
    limited supervisor, coworker contact and in only simple and repetitive tasks.  This is
05  also consistent with the evaluations from the State Agency.

06  (AR 23-24.)

07  Plaintiff fails to demonstrate reversible error in the ALJ's assessment of these physicians'

08  opinions.  While plaintiff correctly points out Dr. Koesis's access to prior treatment notes, the

09  ALJ's comment is nonetheless accurate – there are no treatment notes from Dr. Koesis in the

10  record.  Also, the ALJ does provide reasons for rejecting the opinions of Dr. Koesis, including the

11  fact that one of her statements is not supported by the record and that plaintiff's reported activities

12  belie this physician's statement regarding the extent of plaintiff's anxiety.  Although plaintiff

13  testified that her attempts to socialize were largely unsuccessful, the ALJ did not find plaintiff

14  particularly credible, as discussed below.  (*See* AR 23.)  Plaintiff does not demonstrate that the

15  ALJ erred in relying, in part, on a finding that Dr. Koesis's opinions rested on a "flawed"

16  foundation.  (AR 24.)[3]  Finally,  although the findings attributed to both Dr. Gustavson and Dr.

17  _____

18  [3] Plaintiff points to *Reddick v. Chater*, 157 F.3d 715, 725-26 (9th Cir. 1998), in which the
    Ninth Circuit criticized an ALJ's rejection of physicians' opinions because they were based on the
19  subjective complaints of a claimant found not very credible.  However, in that case, the Court
    found such a rejection "ill-suited" to the chronic-fatigue syndrome at issue, a condition with
    symptoms necessarily self-reported.  *Id.* Also, the Court noted, *inter alia* , that one of the
20  physicians had followed the claimant's "progress for three and a half years, referred her to several
    specialists and conducted extensive lab testing to rule out other possible illnesses."  *Id.* at 726.
21  These factors distinguish *Reddic*k from the facts of this case.  *See also Bayliss v. Barnhart*, 427
    F.3d 1211, 1217 (9th Cir. 2005) (upholding ALJ's decision to not rely on physicians' opinions
22  based, in part, on their reliance on the claimant's subjective complaints).

REPORT AND RECOMMENDATION
RE: SOCIAL SECURITY DISABILITY APPEAL
PAGE -7

01  Koenen appear to come from the report of Dr. Koenen, Dr. Gustavson, while assessing a GAF

02  indicating severe symptoms or serious impairment, also found "no significant limitation in

03  [plaintiff's] ability to handle daily living skills."  (AR 255.)[4]

04       In sum, the ALJ provided specific and legitimate reasons for according little weight to the

05  opinions of Dr. Koesis and rationally relied on the contrary opinions of at least one examining

06  physician and two non-examining physicians.

07                                    Credibility

08       Absent evidence of malingering, an ALJ must provide clear and convincing reasons to

09  reject a claimant's testimony. *See Vertigan v. Halter*, 260 F.3d 1044, 1049 (9th Cir. 2001). *See*

10  *also Thomas*, 278 F.3d at 958-59.  In finding a social security claimant's testimony unreliable, an

11  ALJ must render a credibility determination with sufficiently specific findings, supported by

12  substantial evidence.  "General findings are insufficient; rather, the ALJ must identify what

13  testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81

14  F.3d at 834.  "We require the ALJ to build an accurate and logical bridge from the evidence to her

15  conclusions so that we may afford the claimant meaningful review of the SSA's ultimate findings."

16  *Blakes v. Barnhart*, 331 F.3d 565, 569 (7th Cir. 2003). "In weighing a claimant's credibility, the

17  ALJ may consider his reputation for truthfulness, inconsistencies either in his testimony or between

18  his testimony and his conduct, his daily activities, his work record, and testimony from physicians

19  and third parties concerning the nature, severity, and effect of the symptoms of which he

20

21       [4] It is difficult to discern the opinions of Dr. Gustavson from his report.  Rather than
    assessing plaintiff's limitations, he focuses primarily on the appropriate diagnoses of her
22  impairments. (*See* AR 250-55.)

REPORT AND RECOMMENDATION
RE: SOCIAL SECURITY DISABILITY APPEAL
PAGE -8

01  complains." *Light v. Social Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997).

02      The ALJ rendered the following credibility decision in this case:

03      I do not find the claimant particularly credible.  The claimant has commented that she
        does not want to go back to school.  She has said that she does not want to work
04      because none of her friends work.  Before she left her last job, she told her counselor
        that she hated the job, suggesting that her failure to show up for work could have
05      been largely volitional.  When the claimant feels that she has to do something, she
        apparently does it well, as she was able to care for her mother when she was
06      recovering from surgery.   She was also asked to care for her cousin's baby,
        suggesting that people trust her not to lose her temper.   While she talks about
07      isolating herself, she has talked about going out with friends and mentioned going to
        barbecues at the hearing.  She has traveled to Mexico for six weeks.  She does have
08      a history of impulsive behavior and inability to get along with people.  Substance
        abuse probably continues to play a role in her impairments.  She was very vague at the
09      hearing concerning this issue.  The claimant appears to be able to do what she wants
        to, but like Mellville's *Bartelby the Scrivner*, she prefers not to work.

10

11  (AR 23.)  Also, in addition to questioning plaintiff's veracity in assessing the opinions of Dr.

12  Koesis,  the ALJ stated the following in giving no weight to the report of another physician: "The

13  claimant is not credible, and appears easily capable of telling a doctor what she feels will get her

14  what she wants."  (*Id.*)

15      Plaintiff argues that the ALJ ignored or misinterpreted evidence indicating her disability.

16  She again points to evidence suggesting her unsuccessful attempts to socialize and states that the

17  ALJ speculated as to, rather than developed the nature of the situations involving her care for her

18  mother and a request to care for a cousin's child.

19      However, as argued by the Commissioner, plaintiff fails to demonstrate error in the ALJ's

20  credibility assessment.   The ALJ appropriately pointed to inconsistencies between plaintiff's

21  testimony and evidence of her conduct, activities, and past work record.  *See Light*, 119 F.3d at

22  792.  The ALJ also legitimately pointed to plaintiff's past comments regarding work.  *See, e.g.*,

REPORT AND RECOMMENDATION
RE: SOCIAL SECURITY DISABILITY APPEAL
PAGE -9

01   *Thomas*, 278 F.3d at 959 (upholding credibility assessment in which "the ALJ found that Ms.

02   Thomas had an 'extremely poor work history' and 'has shown little propensity to work in her

03   lifetime,' which negatively affected her credibility regarding her inability to work."); *Bruton v.*

04   *Massanari*, 268 F.3d 824, 828 (9th Cir. 2001) (upholding rejection of plaintiff's subjective pain

05   testimony based, in part, on the fact that the claimant "stated at the administrative hearing and to

06   at least one of his doctors that he left his job because he was laid off, rather than because he was

07   injured.")  Nor does plaintiff establish that it was in any way inappropriate for the ALJ to point

08   to plaintiff's care for her mother and to the request that she care for a cousin's child as evidence

09   inconsistent with her alleged level of impairment.  For these reasons, the ALJ's credibility

10   assessment is supported by substantial evidence and should be upheld.

11   <center>Past Relevant Work</center>

12       Plaintiff maintains that the ALJ erred in finding her able to return to her past relevant work.

13   She first points to SSR 82-62 as requiring a "careful appraisal" of:

14         (1) the individual's statements as to which past work requirements can no longer be
        met and the reason(s) for his or her inability to meet those requirements; (2) medical
15         evidence establishing how the impairment limits ability to meet the physical and
        mental requirements of the work; and (3) in some cases, supplementary or
16         corroborative information from other sources such as employers, the *Dictionary of*
        *Occupational Titles,* etc., on the requirements of the work as generally performed in
17         the economy.

18   SSR 82-62.  This ruling further states:

19         Adequate documentation of past work includes factual information about those work
        demands which have a bearing on the medically established limitations. Detailed
20         information about strength, endurance, manipulative ability, mental demands and
        other job requirements must be obtained as appropriate.  This information will be
21         derived from a detailed description of the work obtained from the claimant, employer,
        or other informed source.

22

01  *Id.* Finally, plaintiff points to the requirement stated in this SSR that a decision finding a claimant

02  capable of returning to past relevant work must contain a "finding of fact" as to, *inter alia*, "the

03  physical and mental demands of the past job/occupation." *Id.* She next points to SSR 82-61 as

04  stating that an individual will be found disabled upon a determination that he or she retains the

05  RFC to perform either "[t]he actual functional demands and job duties of a particular past relevant

06  job; or . . . [t]he functional demands and job duties of the occupation as generally required by

07  employers throughout the national economy."

08      Plaintiff argues that the ALJ failed to provide a finding of fact as to the mental demands

09  of her past jobs or to compare her psychological limitations with the work demands of her past

10  relevant work.  She states that neither testimony, nor documentary evidence offers any significant

11  indication as to the mental requirements of her past relevant work.  Plaintiff adds that neither the

12  actual details of her past relevant work, nor the details as to that work as generally required by

13  employers in the national economy were established in the record.

14      The Commissioner first notes that plaintiff bears the burden of showing she can no longer

15  perform her past relevant work.  *Barnhart v. Thomas*, 540 U.S. 20, 25 (2003).  The Commissioner

16  further notes that plaintiff described her work as an assembler and that the VE discussed the

17  delivery job duties.  (*See* AR 364, 388-89.)  The Commissioner asserts that the ALJ properly

18  discredited alleged limitations found not credible and accounted for any credible limitations

19  supported by the record.  *See, e.g., Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005)

20  ("The hypothetical that the ALJ posed to the VE contained all of the limitations that the ALJ

21  found credible and supported by substantial evidence in the record. The ALJ's reliance on

22  testimony the VE gave in response to the hypothetical therefore was proper.") The Commissioner

REPORT AND RECOMMENDATION
RE: SOCIAL SECURITY DISABILITY APPEAL
PAGE -11

01  avers that the ALJ's finding that plaintiff could perform her past relevant work in light of her RFC

02  was based on substantial evidence and should be upheld.

03       Again, plaintiff does not demonstrate reversible error.  The ALJ's discussion of plaintiff's

04  RFC and past relevant work was rather cursory:

05       Accordingly, I find the claimant retains the [RFC] to perform simple, repetitive,
         structured work that is primarily performed alone with limited contact with the public,
06       coworkers or supervisors.

07       . . .

08       The evidence in this case establishes that the claimant has past relevant work as a
         delivery driver and assembler.  I note that, according to the claimant's testimony, she
09       left the job as a driver due to car problems and not due to any problems related to her
         impairment.
10
         The impartial [VE] testified that based upon the claimant's [RFC], the claimant could
11       return to her past relevant work as assembler and movie delivery person.  She said
         that these jobs would only have minimal, superficial contact with the public.
12

13  (AR 24.)  However, the ALJ previously discussed the medical record and plaintiff's testimony in

14  detail, finding plaintiff's testimony as to her limitations not particularly credible and assessing only

15  the above-described limitations. ( *See* AR 18-24.)   This discussion suffices as the "careful

16  appraisal" called for in SSR 82-62.  Also, although again rather cursory, the ALJ did make the

17  required finding of fact as to the demands of plaintiff's past relevant work, noting those positions

18  required "only . . . minimal, superficial contact with the public[,]" assessing plaintiff's RFC as

19  described above, and finding that plaintiff's "past relevant work as assembler and movie delivery

20  person did not require the performance of work-related activities precluded by her [RFC]." (AR

21

22

REPORT AND RECOMMENDATION
RE: SOCIAL SECURITY DISABILITY APPEAL
PAGE -12

01 24-25.)[5]

02    Also, as argued by the Commissioner, the record contains information sufficient to satisfy

03 SSR 82-61 and SSR 82-62 with regard to the particulars of plaintiff's past relevant work as an

04 assembler and movie delivery person.  Plaintiff testified regarding her work as an assembler:

05   I was at assembly, I was at, I wasn't at the warehouse I was at a other area, I was in
  Rainier where I was assembling stuff like the LEGOs and the toys like everything that

06   went on the internet.  Like I would assemble the stuff and then the photographers
  would come and take pictures of it and put on the internet so everything now was on

07   the internet, I would take, I'd put it together first.  Like the swimming pools I'd blow
  them up.

08

09 (AR 364.)  The VE testified both as to the job duties of a movie delivery person generally and

10 more specifically the extent to which such a job required contact with the public:

11 Q  So movie delivery, wouldn't you be picking up movies for the employer and delivering
   them to people?

12

  A  Yes.

13

  Q  And driving around and around and [INAUDIBLE]

14

  A  Yes.

15

  Q  The public?

16

  A  I would say that would be superficial contact with the public, it wouldn't be extended

17    contact.  I think there'd be a lot of time in between.

18 . . .

19   A  I've looked at the delivery, the movie delivery as being superficial contact and maybe, I
   don't know that that fits the minimum description but I would look at it as superficial and

20    really minimal and it falls into a classification like for example people that deliver and pick

21 _____

22   [5] It should be noted that the ALJ did not assess, nor does plaintiff contest the existence of
any severe physical impairments.

REPORT AND RECOMMENDATION
RE: SOCIAL SECURITY DISABILITY APPEAL
PAGE -13

01    up lab supplies or lab samples and there's very limited contact with the public.

02  ALJ:   Deliver the product, sign the papers and leave?

03  VE:   Right, right.  So if a person could do I mean if they could minimal they could do that, I
       would say that would be within that limitation.

04

05  (AR 388-89 (also further elaborating as to "superficial" contact.))  (*See also* AR 387 (VE testified

06  that movie delivery work was light, unskilled work.))  Moreover, as indicated by the ALJ, plaintiff

07  testified that she lost the movie delivery job based on car problems and that she was not having

08  any problems performing that job.  (AR 367.)

09        Given all of the above, plaintiff fails to demonstrate any reversible error either in the

10  assessment of her RFC or the ALJ's determination that plaintiff could perform her past relevant

11  work.  While the ALJ's step four assessment could have been more detailed, it is sufficient and

12  supported by substantial evidence.

13                                 Developing the Record

14        Plaintiff argues that the ALJ failed to fully develop the record in this case.  In particular,

15  she points to the ALJ's dismissal of Dr. Koesis's opinion based on its allegedly flawed foundation

16  and absence of treatment notes.  The Commissioner responds that "[a]n ALJ's duty to develop the

17  record further is triggered only when there is ambiguous evidence or when the record is

18  inadequate to allow for proper evaluation of the evidence."  *Mayes v. Massanari*, 276 F.3d 453,

19  459-60 (9th Cir. 2001).  In reply, plaintiff notes an ALJ's obligation to recontact a treating

20  physician or psychologist when the evidence received is inadequate for a determination of

21  disability, 20 C.F.R. §§ 404.1512(e), 416.912(e), and maintains that the ALJ clearly found the

22  evidence from Dr. Koesis inadequate in pointing to the absence of treatment notes from this

01 | physician.

02 | As stated above, the ALJ accurately noted the absence of treatment notes from Dr. Koesis.

03 | (AR 23.) This notation does not necessarily establish that the ALJ found the evidence from Dr.

04 | Koesis inadequate or ambiguous. In fact, the ALJ went on to provide several unrelated reasons

05 | for assigning little weight to this physician's opinions. The ALJ also adequately addressed the

06 | treatment records from Dr. Koesis's predecessor. (*See, e.g.,* AR 20.) As such, plaintiff fails to

07 | demonstrate error with respect to the development of the record.

08 | <u>Lay Witness Testimony</u>

09 | In the conclusion section of her brief, plaintiff states without elaboration that the ALJ failed

10 | to properly consider the testimony of lay witnesses. (*See* Dkt. 11 at 20.) In response, the

11 | Commissioner notes "several references to the statements of Plaintiff's mother involving Plaintiff's

12 | activities of daily living and ability to help her mother after surgery[,]" and states: "Clearly, the

13 | ALJ considered the lay witness testimony since it was used in the discussion of Plaintiff's abilities."

14 | (Dkt. 15 at 11 (citing AR 22-23.))

15 | Lay witness testimony as to a claimant's symptoms or how an impairment affects ability

16 | to work is competent evidence. *Van Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996). The

17 | ALJ can reject the testimony of lay witnesses only upon giving reasons germane to each witness.

18 | *See Smolen v. Chater*, 80 F.3d 1273, 1288-89 (9th Cir. 1996) (finding rejection of testimony of

19 | family members because, *inter alia*, they were "'understandably advocates, and biased'" amounted

20 | to "wholesale dismissal of the testimony of all the witnesses as a group and therefore [did] not

21 | qualify as a reason germane to each individual who testified.") (citing *Dodrill v. Shalala*, 12 F.3d

22 | 915, 918 (9th Cir. 1993)). *Accord Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001) ("[L]ay

01   testimony as to a claimant's symptoms is competent evidence that an ALJ must take into account,

02   unless he or she expressly determines to disregard such testimony and gives reasons germane to

03   each witness for doing so.") Moreover, as recently found by the Ninth Circuit:  "[W]here the

04   ALJ's error lies in a failure to properly discuss competent lay testimony favorable to the claimant,

05   a reviewing court cannot consider the error harmless unless it can confidently conclude that no

06   reasonable ALJ, when fully crediting the testimony, could have reached a different disability

07   determination."  *Stout v. Commissioner, Soc. Sec. Admin.*, 454 F.3d 1050, 1056 (9th Cir. 2006).

08          Here, the ALJ described the testimony of plaintiff's mother as follows:

09          The claimant's mother testified that she sees the claimant almost every week.  She
              also talks to her on the telephone.  She said that the claimant could get angry in a
10            second and start throwing things.  She is different since she started medication, but
              it still happens.  Almost every time she sees the claimant, she has problems with
11            temper flares.  She takes the claimant shopping.  She said that the claimant helped her
              out when she had surgery and she did well, but it was a big burden for her.  She said
12            that [t]he claimant has talked about her joints and back hurting her.  She said that the
              claimant has had problems with concentration for years.  She said that the claimant
13            lived in an abusive household as a child.

14   (AR 22.)  (*See also* AR 381-86 (testimony of plaintiff's mother.))  However, the ALJ does not

15   elsewhere address this testimony.

16          The ALJ erred in failing to provide germane reasons for rejecting the testimony of

17   plaintiff's mother, particularly given that it largely corroborates plaintiff's testimony regarding her

18   difficulty in interacting with others.  Further, it cannot be said that no reasonable ALJ, upon fully

19   crediting the testimony of plaintiff's mother, would have reached a different disability

20   determination.

21          In addition, the record contains a "Daily Activities Questionnaire" completed by a friend

22   of plaintiff.  (*See* AR 110-14.)  In that questionnaire, the friend addresses, *inter alia*, plaintiff's

REPORT AND RECOMMENDATION
RE: SOCIAL SECURITY DISABILITY APPEAL
PAGE -16

01  depression, symptoms, memory problems, anger, frustration, and minimal daily activities. (*Id.*)

02  However, it does not appear that the ALJ ever considered this questionnaire, as the decision

03  contains no discussion of or citation to this document.

04      This matter should be remanded to allow for further consideration of the testimony of

05  plaintiff's mother and the questionnaire submitted by her friend.  However, the record does not

06  warrant crediting this testimony as true because, even doing so, the record does not support a

07  finding of disability. *Compare, e.g., Schneider v. Commissioner of Social Sec. Admin.,* 223 F.3d

08  968, 976 (9th Cir. 2000) ("When the lay evidence that the ALJ rejected is given the effect required

09  by the federal regulations, it becomes clear that the severity of [plaintiff's] functional limitations

10  is sufficient to meet or equal [a listing.]"); *Smolen v. Chater,* 80 F.3d 1273, 1292 (9th Cir. 1996)

11  (ALJ's reasoning for rejecting subjective symptom testimony, physicians' opinions, and lay

12  testimony legally insufficient; finding record fully developed and disability finding clearly required),

13  *with Connett v. Barnhart,* 340 F.3d 871, 876 (9th Cir. 2003) (remanding for further

14  determinations where there were insufficient findings as to whether plaintiff's testimony should

15  be credited as true); *Barbato v. Commissioner of Soc. Sec. Admin.*, 923 F. Supp. 1273, 1278

16  (C.D. Cal. 1996) (remanding for further proceedings where the ALJ made a good faith error, in

17  that some of his stated reasons for rejecting a physician's opinion were legally insufficient).

18  */ / /*

19  */ / /*

20  */ / /*

21  */ / /*

22

REPORT AND RECOMMENDATION
RE: SOCIAL SECURITY DISABILITY APPEAL
PAGE -17

01
                                               **CONCLUSION**

02
        For the reasons set forth above, this matter should be REMANDED for further

03
administrative proceedings.

04
        DATED this <u>15th</u> day of November, 2006.

05

06
_____
Mary Alice Theiler
United States Magistrate Judge

07

08

09

10

11

12

13

14

15

16

17

18

19

20

21

22

REPORT AND RECOMMENDATION
RE: SOCIAL SECURITY DISABILITY APPEAL
PAGE -18